## WILLIAM W. CONOVER

### v.

## WARREN BROWN.

A defendant's denial, under oath, of a verbal assumption of a mortgage at the time of a sale of lands, corroborated by the scrivener's evidence, the consideration of the deed and the absence of such assumption therein, is not overcome by the evidence of two witnesses as to his admissions subsequent to the sale.

Bill to compel defendant to pay the deficiency existing after the application of the proceeds of the sale of mortgaged premises under foreclosure to the amount due on the mortgage. On final hearing on pleadings and proofs.

*Mr. R. Allen, Jr.*, for complainant.

*Mr. G. C. Beekman*, for defendant.

THE CHANCELLOR.

Daniel Bray and Mary J., his wife, on the 16th of August, 1873, conveyed to the defendant, in fee, a farm in the county of Monmouth, for the consideration, as expressed in the deed, of $20,500, subject to four mortgages thereon. One of those mortgages, the last in date and registry, is now held by the complainant. It was for $5,214.57 and interest, and was given by Daniel Bray to Hannah Bray, his mother, in 1872, and was by the mortgagee assigned to Mary J. Bray, wife of Daniel Bray, on the 16th of June, 1873, and she assigned it to the complainant by three several assignments, each for part of its amount, dated respectively July 5th, August 23d and October 6th, in the year last mentioned. The property was sold, under a decree of this court for foreclosure and sale, on the 10th of April, 1875. The proceeds were not sufficient to satisfy all the mortgages; but, after applying them thereto, there remained a deficiency due

Conover v. Brown.

the complainant, on his mortgage, of $2,443.95, to compel payment whereof this suit is brought.

The complainant relies upon the averment (which he insists is proved) that the defendant, on the conveyance of the mortgaged premises to him, agreed with Bray, the grantor, that he would pay and discharge the mortgages which were then on the premises, among which was the one now held by the complainant. The amount of that mortgage was then much larger than it now is, but was reduced, in pursuance of an agreement between the grantor and grantee, to the sum of $2,500. He also insists that the amount of his mortgage was computed and allowed to the defendant as so much of the consideration of the conveyance of the mortgaged premises to him, and that the latter is therefore liable to pay the deficiency.

The proof falls short of establishing either of these allegations. The transaction by which the defendant obtained title to the mortgaged premises, was an exchange of property between him and Bray. While the complainant himself swears that the defendant on several occasions admitted, in conversation with him, that he agreed, on the conveyance of the mortgaged premises to him, to pay the mortgages thereon, the defendant expressly and explicitly denies that he made that or any like or equivalent admission. Bray, indeed, also swears that the defendant assumed and agreed to pay the mortgages, but the latter, on the other hand, quite as positively denies that he did either the one or the other, and he denies, also, that the mortgages on the property were allowed as part of the consideration.

Michael Taylor and Ruliff P. Smock testify to statements made by the defendant to the effect that he "had to pay" the mortgages, but the circumstances under which the statements were made deprive them of importance. They were made in connection with the price which the defendant asked for the property, the price which he must get in order to realize anything from the sale above the mortgages. It

was natural that, in that connection, he should say that he had to pay the mortgages.

The testimony of the other witnesses called by the complainant is not important, and it may here be remarked that the defendant, in his testimony in the foreclosure suit, which is offered by the complainant as evidence in this action, did not, as the complainant insists, admit that he assumed the mortgages on the property or any of them.

The scrivener, Mr. Morris, who drew the deed, swears, positively and distinctly, not only that there was no assumption of the mortgages, but that the defendant absolutely refused to assume them. He says that he himself asked Bray what consideration should be put in the deed, and told him that, as the deed required no stamp, it would make no difference what amount of consideration was expressed, and that Bray replied that he wanted the consideration in the deed so large as to do no discredit to the property. In corroboration of this witness and the defendant is the important testimony of the deed itself, which, acknowledging the receipt of the consideration, simply conveys the property subject to the mortgages, and contains no statement of assumption or agreement to pay them, nor does it allege that the amount of them, or of any of them, was computed or allowed to the defendant on account of the purchase-money.

The proof outside of the deed does not establish the allegation that the amount of the mortgages was allowed on account of the purchase-money of the property. Bray is the only witness who testifies to it. And, though he does testify to it, he says, also, that the "equity," as he terms it, (the estimated excess of value over the mortgages,) in the real properties which were exchanged was ascertained. He also said, when he was first called to testify, that there was no agreement between him and the defendant that he (Bray) should pay the encumbrances on the property conveyed by the defendant, in exchange, to him, and though he afterwards, indeed, said just the contrary, that it was understood

that he was to pay those encumbrances, his deed is not produced to corroborate this latter statement. His memory seems not to be reliable. He says he has tried to forget the incidents of the transaction, and that he has no memorandum of the figures then made, and has no way of recalling the transaction to his mind, or of refreshing his memory in regard to them, except from the papers and exhibits in the cause. The defendant swears that the amount of the consideration inserted in the deed was fictitious, and not intended to express the actual consideration. In this he is corroborated by the scrivener, Mr. Morris, whose testimony on the subject is quoted above.

It is very apparent, from the testimony, that the consideration in the deeds was evidence only of the conventional values put upon the properties in the exchange, for the purpose of the exchange, and was not understood or intended to express the actual consideration of the respective conveyances.

The bill will be dismissed, with costs.